UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN MEYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-03492-TWP-TAB |
| | ) | |
| OFFICER TUTT, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Granting Motion for Summary Judgment and
Directing Entry of Final Judgment**

This matter is before the Court on the Defendant, Officer Tutt's Motion for Summary Judgment, dkt. [31]. Plaintiff Kevin Meyers ("Meyers"), an inmate at the Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983. Meyers alleges that, while he was incarcerated at New Castle Correctional Facility (NCCF), in August 2016, defendant Officer Tutt used excessive force against him while he was strapped down, causing a cracked tooth and infection. Officer Tutt moves for summary judgment on Meyers's claim arguing that he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA) before filing this lawsuit. He also contends there is a lack of evidence supporting Meyers's claim that he was assaulted as there exists no reference of an assault in medical records, grievances, or serious incident reports, all of which would have been generated by a person other than the defendant at or near the time period of the alleged incident, sometime between August 7, 2016, and August 15, 2016. For the following reasons, the motion for summary judgment is **granted**.

I. **Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ.

P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement

applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

It is the defendant's burden to establish that the administrative process was available to Meyers. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

Meyers failed to respond to the defendant's motion for summary judgment, and the deadline for doing so has long passed. The consequence is that Meyers has conceded the

3

defendant's version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). Because Meyers failed to respond to the defendant's motion, and thus failed to comply with the Court's Local Rules regarding summary judgment, the Court will not consider allegations in Meyers's complaint in ruling on this motion. Although pro se filings are construed liberally, pro se litigants such as Meyers are not exempt from procedural rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (noting that "pro se litigants are not excused from compliance with procedural rules"); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced"). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Statement of Facts

The following statement of facts was evaluated pursuant to the standard set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Meyers as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

At all times relevant to his claims, Meyers was an inmate at NCCF. The Indiana Department of Correction (IDOC) has an Offender Grievance Process – IDOC Policy and

Administrative Procedure 00-02-301, Offender Grievance Process – which is intended to permit inmates to resolve concerns and complaints relating to their conditions of confinement prior to filing suit in court.

Under the IDOC offender grievance program, offenders can grieve actions of individual staff or issues regarding conditions, including claims of assault. The grievance process begins with the offender contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal grievance (SF 45471) to the Grievance Officer of the facility where the incident occurred. If the formal written grievance is not resolved in a manner that satisfies the offender, he may submit an appeal (SF 45473). Exhaustion of the grievance procedure requires pursuing a grievance to the final step – the appeal of the level 1 response to the formal grievance. A grievance must be filed within twenty working days from the date of the alleged incident. Exhaustion of the grievance procedure also requires complying with the timing requirements for submitting formal grievances and appeals.

The records maintained by IDOC and NCCF document whether an offender attempted an informal grievance and filed a formal grievance or grievance appeal. While at NCCF, Meyers has only filed five grievances. *See* Dkt. 33-2 at 1. None of the grievances refer to Officer Tutt, and all of the grievances were filed on or before February 18, 2015, well before the alleged August 2016 assault by Officer Tutt. *See* Dkt. 33-2.

Meyers's electronic medical records establish that he was being monitored, continuously, for suicide during the time period referenced in his complaint, August 7, 2016 through August 15, 2016. *See* Dkt. 33-6. The medical records reveal attempted self-harm by Meyers, but no other injury or harm caused by any other person. *Id.* The only record included within Meyers's prisoner

5

packet referring to Officer Tutt was a Serious Incident Report of July 2, 2016, when Meyers threw a cup of Ensure on Officer Tutt. *See* Dkt. 33-4.

### III. Discussion

Officer Tutt argues that Meyers failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against him.

The uncontested facts demonstrate that the defendant has met his burden of proving that Meyers "had available [administrative] remedies that he did not utilize." *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). Given his wholesale failure to respond, Meyers has not identified a genuine issue of material fact supported by admissible evidence that counters the facts offered by the defendant. One of these facts is that the IDOC and NCCF had an administrative remedy process in place through which Meyers could have complained about the alleged assault by Officer Tutt, but did not.

Although Meyers previously availed himself of the administrative remedy process, he failed to exhaust the grievance process with respect to the complaint. Meyers has never attempted to follow the administrative remedy process related to his claim regarding the alleged assault. Because completing all levels of the administrative remedy process is required, the uncontested evidence shows that Meyers did not exhaust his administrative remedies. *See Woodford*, 548 U.S. at 90.

The consequence of Meyers's failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that this action must be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

For the foregoing reasons, the motion for summary judgment, Dkt. No. [31], is **granted.**

This action is **dismissed without prejudice**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/19/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEVIN MEYERS
195712
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
aforrest@bbkcc.com

7